# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-200-MOC-DSC

| | |
|---|---|
| JUAN JOSE RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BORGWARNER TURBO SYSTEMS, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss [Amended Complaint]" (document #17) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action alleging unlawful employment discrimination based upon national origin in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). Plaintiff names his former employer Borgwarner Turbo Systems ("BTS"), BTS supervisor Scott Barroff, and BTS human resources officer Larisa Lowman as Defendants.

Construing his pro se Amended Complaint liberally, Plaintiff alleges that the discriminatory acts began on or about February 1, 2011 and continued until November 14, 2014, when he was terminated.

On March 6, 2015, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). On June 17, 2015, the EEOC sent Plaintiff a "Notice of Right to Sue" letter.

Plaintiff filed this action on September 10, 2015. On September 24, 2015, the Honorable Max O. Cogburn, Jr. conditionally granted Plaintiff's "Application to Proceed in District Court Without Prepaying Costs," provided that he "file an amended complaint within 14 days of th[e] Order, stating the legal grounds upon which he bases this action." "Order" at 4 (document #5).

On September 30, 2015, Plaintiff filed his Amended Complaint.

On November 23, 2015, Defendants moved to dismiss on grounds of insufficiency of service of process and statute of limitations. The individual Defendants also argue that they have no liability under Title VII.

In his response, Plaintiff moves pursuant to Fed. R. Civ. P. 4 for an extension of time to serve the corporate Defendant through its registered agent.

Defendants' Motion to Dismiss has been fully briefed and is ripe for determination.

## II. DISCUSSION

**A. Standard of Review**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Title VII Claims Against Individual Defendants

Even taking the limited allegations of the pro se Complaint as true and construing every possible inference therefrom in Plaintiff's favor, his Title VII claims against the individual Defendants must be dismissed. The Fourth Circuit has unequivocally held that supervisors are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653

(5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court held that:

Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181. Accord Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

Accordingly, Plaintiff's Title VII claims against Defendants Barroff and Lowman should be dismissed.

## C. Timeliness

A plaintiff must file an EEOC Charge within 180 days of the alleged discriminatory act prior to filing suit under Title VII. Knight v. Tyson Foods, Inc., No. 3:12-CV-47-RJC, 2012 WL 7870174, at *1 (W.D.N.C. Apr. 23, 2012) aff'd, 474 F. App'x 268 (4th Cir. 2012) (citing 42 U.S.C. § 2000e–5(e)(1)). "Failure to meet this requirement results in an untimely claim which will be procedurally barred for failure to exhaust administrative remedies." Lambert v. Mecklenburg Cnty., No. CIV. 3:04CV628-H, 2006 WL 2620307, at *3 (W.D.N.C. Sept. 12, 2006).

Construing the factual allegations of the Amended Complaint in Plaintiff's favor, the last act of discrimination occurred on November 14, 2014, when he was terminated. Accordingly, the administrative charge was timely filed on March 6, 2015.

### D. Service of Process

Plaintiff requests an extension of time to make proper service on the corporate Defendant. In light of his pro se status, the Court will treat this request as a Motion for Extension of Time and grant Plaintiff a final opportunity to serve Defendant BTS.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. The time for service of process on the corporate Defendant is extended thirty days from entry of this Memorandum and Recommendation and Order.

2. The Clerk is directed to issue process and to provide such process along with sufficient service copies of the Amended Complaint, as well as copies of this Order, to the United States Marshal and the United States Marshal is directed to serve a copy of the Amended Complaint, Summons, and this Order upon the Defendant in accordance with Rule 4(i)(1), Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss" (document #17) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** and the Amended Complaint **DISMISSED WITH PREJUDICE** as to Defendants Barroff and Lowman; and otherwise **DENIED WITHOUT PREJUDICE** to Defendant BTS' right to renew its Motion should Plaintiff fail to effect timely service of process.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 5, 2016

_____

David S. Cayer
United States Magistrate Judge